UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENE M. PALMA, | : | |
| | : | |
| Plaintiff, | : | NO. 3:00CV01128(HBF) |
| | : | |
| v. | : | |
| | : | |
| PHARMEDICA COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant. | : | OCTOBER 29, 2003 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES AND COSTS**

I. **Summary of Argument**

Pursuant to 29 U.S.C. § 2617(a)(3) plaintiff Rene Palma moves for an award of $145,148 in attorney's fees and $13,440.46 in costs and litigation expenses.

Palma brought her claim pursuant to § 2615 the Family and Medical Leave Act of 1993 (FMLA) as a result of being retaliated against for opposing a practice made unlawful by the FMLA. On November 15, 2002, the jury found in her favor and awarded $140,000 in lost wages, benefits and interest. On September 30, 2003, the Court doubled the award to $280,000, pursuant to the liquidated damages provision of the FMLA, and granted the plaintiff's motion for prejudgment and post-judgment interest. Palma, as the prevailing party, is statutorily entitled to be awarded her reasonable attorney's fees and costs. Plaintiffs are deemed to have prevailed "if they succeed on any significant issue in litigation, which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), *citing Nadeau v. Helgemoe*, 581 F.2d 275, 278 (1st Cir. 1978).

Palma has incurred $145,148 in attorney's fees and $13,440.46 in recoverable costs to date. Her lead counsel's hourly rate as of the date of this application is $225 an hour. This rate is reasonable for employment lawyers in this area, as the attached affidavits attest. The total number of hours expended by all attorneys on this case was 595.30 as of the date of this motion. The total number of hours expended by paralegals was 72.8 as of the date of this motion. *See* Exhibit 1, summary of costs and attorney's fees.

## II.   Discussion

### A.   Palma, as the prevailing party, is statutorily entitled to an award of reasonable attorney's fees and costs.

The Supreme Court has stated that in computing a legal fee, "counsel for a prevailing party should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 420, 434 n. 4 (1983). Where a plaintiff "has obtained excellent results, [her] attorney should recover a fully compensatory fee." *Id.* at 435. However a plaintiff is not required to succeed perfectly on all aspects of her claims in order to be fully awarded attorney's fees. As the *Hensley* court stated, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or a failure to reach certain grounds is not sufficient reason for reducing a fee." *Id.*

The rule is the same in the Second Circuit : "[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined and 'involve a common

2

core of facts or are based on related legal theories.'" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), *citing Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (*quoting Dominic v. Consolidated Edison Co. of New York*, 822 F.2d 1249, 1259 (2d Cir. 1987)).

Cases involving a common core of facts or legal theories, such as this case, "cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435. Instead, the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonable expended on the litigation." *Id.* As the *Hensley* court held, the district court in that case did not err "in refusing to apportion the fee award mechanically on the basis of the [plaintiff's] success or failure on particular issues." *Id.* at 438. Indeed, it is only when an unsuccessful claim is distinct "in all respects" from a successful claim that hours should be excluded. *Id.* at 440.

The starting point for the determination of a reasonable fee is the calculation of the lodestar amount. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims. *See id.* at 433-35, 440. Under the lodestar method, the Court makes an initial calculation of a lodestar amount by multiplying the number of hours by a reasonable current hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley*, 461 U.S. at 433; *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763-64 (2d Cir.1998); *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998); *Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997).

3

This lodestar method provides the initial measure of a reasonable fee. *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The reasonableness of the hourly rate is based on "those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n. 11 (1984). In calculating the lodestar amount, the prevailing party's attorney is entitled to be awarded fees based on his or her hourly rate **as of the date of the fee application.** *Missouri v. Jenkins*, 491 U.S. 274, 277 (1989) (affirming decision of district court to take "account of the delay in payment" resulting from contingency fee by "using current market rates rather than those applicable at the time services were rendered"). This is to compensate the plaintiff's attorney for the delay in payment resulting from a contingency fee arrangement.

Once the initial lodestar calculation is made, the court should then consider whether an upward or downward adjustment should be made. An upward adjustment may be warranted based upon the extent of success, the complexity of the legal and factual issues involved in the litigation, the degree of risk associated with the claim, the contingent nature of the compensation associated with the claim, and the quality of the work. *Hensley*, 461 U.S. at 434, n. 9 (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

**B.     The fees and costs sought in this case are reasonable and should be fully awarded.**

In this case Ms. Palma vindicated her FMLA retaliation claim and received substantial damages. This was the sole claim she argued to the jury. The jury found retaliation and awarded her the exact amount of back pay and lost benefits she claimed. The Court, pursuant to the liquidated

4

damages provision of the FMLA, properly doubled the jury's award. It is evident under these circumstances that she is the "prevailing party." She achieved a high degree of success on her claim. She is therefore entitled to a full award of attorney's fees under the FMLA. District courts have broad discretion in awarding attorneys' fees, and an award of such fees will normally be set aside only for abuse of discretion. *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999); *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir.1997); *ARP Films, Inc. v. Marvel Entertainment Group, Inc.*, 952 F.2d 643, 651 (2d Cir.1991); *Lerman v. Flynt Distrib. Co.*, 789 F.2d 164, 166 (2d Cir.), *cert. denied*, 479 U.S. 932 (1986).

The time expended by plaintiff's counsel in prosecuting her claims was reasonable in light of the nature of the claims, the defenses to the claims, the defendant's refusal to extend any settlement offer at any time, and the factual and legal issues involved. The hourly rates charged by plaintiff's counsel were reasonable in light of plaintiff's counsel and his firm's experience and compared to the prevailing rates for other attorneys in the state of Connecticut. *See generally*, Affidavit of Stephen P. Horner, Exhibit 2; Affidavit of Jeffrey S. Bagnell, Exhibit 3; Affidavits of Joseph D. Garrison and Stephen P. Horner, Exhibit 4. The staffing in the case was reasonable and economical. For virtually the entire litigation, Ms. Palma's case was handled by one attorney. No attorney sat second chair during the trial. Rather, a paralegal provided assistance to counsel during the trial.

The plaintiff's retaliation and interference claims in this case (Counts I and II of the Amended Complaint) were so "factually intertwined" as to be nearly identical. The retaliation the jury found was, in fact, an outgrowth of Pharmedica's interference with Ms. Palma's attempted exercise of FMLA

5

rights. Accordingly, there should be no deduction of fees for time spent on the interference claim. *See Hensley*, 461 U.S. at 435 (cases involving a common core of facts and related legal theories "cannot be viewed as a series of discrete claims"). It is therefore not possible to segregate hours spent on the interference claim from hours spent on the retaliation claim. As the *Hensley* court stated, "it is only when an unsuccessful claim is distinct 'in all respects' from a successful claim that hours should be excluded." *Id.* at 440. Far from being distinct in all respects, the plaintiff's FMLA claims in this case were closely related. And all were based on the same statute.

Moreover, the plaintiff was required to plead interference and retaliation counts due to uncertainty in the Courts of Appeal as to whether retaliation was a form of "interference" under the FMLA, or a form of "discrimination."[1] Even though there was substantial evidence of interference with Ms. Palma's attempted exercise of FMLA rights, Ms. Palma voluntarily withdrew the interference count at the beginning of oral argument on the defendant's summary judgment motion. She did this because it was virtually identical to the retaliation count, and sought to streamline issues for the Court,

---

[1] Counts I and II of the Amended Complaint alleged violations of both the non-interference provision of § 2615(a)(1), as well as the non-discrimination provision of § 2615(a)(2), because there was uncertainty in the Circuits as to whether a retaliatory discharge was a form of "interference" with rights under (a)(1), or discrimination for "opposing any practice made unlawful by this subchapter" under (a)(2). Some of the case law applying § 2615 erroneously used the term "discriminate" to refer to interference with exercise of rights claims under § 2615(a), which were and are subject to the strict liability standard. This semantic confusion "led many courts to apply anti-discrimination law to interference cases, instead of restricting the application of such principles--assuming they are applicable to FMLA at all --to "anti-retaliation" or "anti-discrimination" cases under §§ 2615(a)(2) and (b)." *Bachelder v. America West Airlines*, 259 F.3d 1112 n. 10, *citing Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 160-61 (1st Cir.1998); *King v. Preferred Tech. Group*, 166 F.3d 887, 891 (7th Cir.1999); *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir.1999); *Gleklen v. Democratic Congressional Campaign Comm.*, 199 F.3d 1365,1368 (D.C.Cir.2000); *Brungart v. Bellsouth Telecommunication, Inc.*, 231 F.3d 791, 798 (11th Cir.2000). Accordingly, the plaintiff plead both causes of action to preserve her rights.

counsel and, ultimately, the jury. She should not be penalized as a result. As noted, fees may be awarded for successful and unsuccessful claims where they are 'inextricably intertwined and 'involve a common core of facts or are based on related legal theories.'" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). The retaliation and interference counts were inextricably intertwined. They shared approximately 95% of the same underlying facts. Moreover, it cannot even be said that the interference count in this case was "unsuccessful." Rather, it was voluntarily withdrawn due to its factual and legal similarity to the retaliation claim. It was not adjudicated by the Court or tried to the jury.

Count III of the Amended Complaint asserted a claim for violation of the notice provisions of the FMLA. The defendant moved to dismiss this count. The Court (Nevas, J.) granted after reviewing the parties' briefs. This claim was also factually intertwined with the other FMLA counts of the complaint. As a result, there should be no deduction of fees for time spent opposing this motion.

Fees are to be awarded "not only [for] the cost of obtaining a favorable judgment but also the cost of successfully defending that judgment," including against post-judgment motions. *Weyant v. Osk*, 198 F.3d 311, 316 (2d Cir. 1999). The plaintiff had to defend against two lengthy and time-consuming post-trial motions in this case. A reasonable fee for preparing this fee petition should also be awarded. An award for reasonable time spent preparing an application for attorney's fees is proper. *Weyant* at 316, *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979).

Accordingly, fees should be calculated under the lodestar method as follows:

| Attorney | Hours | Hourly Rate |
|---|---|---|
| Jeffrey S. Bagnell | 573.7 | $225 |
| Joseph D. Garrison | 17.10 | $400 |
| Stephen J. Fitzgerald | 4.50 | $225 |
| Paralegals | 72.8 | $85 |
| Lodestar Fee Calculation: | 573.7 x 225 | $129,082.50 |
| | 17.10 x 400 | $6,840.00 |
| | 4.50 x 225 | $1,012.50 |
| | 72.8 x 85 | $6,188.00 |
| Total Lodestar Fees: | | $143,123.00 |
| Fee Application Time: | 9.0 | $2,025 |
| Total Recoverable Costs: | | $13,440.46 (Ex. 1) |
| Total Fees and Recoverable Costs: | | $158,588.46 |

The defendant's conduct in this litigation contributed to the increased risk and effort required. Despite the strong evidence supporting plaintiff's claim, defendant never made any settlement offer throughout the entire course of the litigation. During a pre-motion conference before Judge Nevas, plaintiff's counsel stated that he would recommend that his client settle her case for $40,000. The defendant rejected this number and did not make any counter-offer. After successfully defending against

the defendant's summary judgment motion, plaintiff's counsel, during another conference with Judge Nevas, stated that he would recommend that his client accept $60,000. The defendant rejected this number and did not make any counter-offer. *See* Bagnell Affidavit, Exhibit 3.

The defendant's refusal to settle this meritorious claim under any circumstances necessarily increased the risk, legal fees and expense of the litigation.

**III.   Conclusion**

For the reasons stated, the plaintiff's motion for fees and expenses should be granted.

RESPECTFULLY SUBMITTED,
RENE M. PALMA

By: _____
Jeffrey S. Bagnell
Federal Bar No. CT18983
GARRISON, LEVIN-EPSTEIN,
  CHIMES & RICHARDSON, P.C.
405 Orange Street
New Haven, Connecticut 06511
(203) 777-4425
(203) 776-3965 (fax)
Jbagnell@garrisonlaw.com
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been served on counsel for the defendant, Pharmedica Communications Corp., Glenn A. Duhl, Siegel O'Connor, Schiff & Zangari, P.C., 150 Trumbull Street, Hartford, Connecticut 06103, by first class mail, postage prepaid, this 29th day of October 2003.

_____
Jeffrey S. Bagnell

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENE M. PALMA, | : | |
| Plaintiff, | : | NO. 3:00CV01128(HBF) |
| v. | : | |
| PHARMEDICA COMMUNICATIONS, INC., | : | |
| Defendant. | : | OCTOBER 29, 2003 |

### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to 29 U.S.C. § 2617(a)(3), plaintiff Rene Palma moves for an award of $145,148 in attorney's fees and $13,440.46 in recoverable costs and litigation expenses. A memorandum in support of her motion is attached.

RESPECTFULLY SUBMITTED,
RENE M. PALMA

By: _____
Jeffrey S. Bagnell
Federal Bar No. ct18983
GARRISON, LEVIN-EPSTEIN,
 CHIMES & RICHARDSON, P.C.
405 Orange Street
New Haven, Connecticut 06511
(203) 777-4425
(203) 776-3965 (fax)
Jbagnell@garrisonlaw.com
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been served on counsel for the defendant, Pharmedica Communications Corp., Glenn A. Duhl, Siegel O'Connor, Schiff & Zangari, P.C., 150 Trumbull Street, Hartford, Connecticut 06103, by first class mail, postage prepaid, this 29th day of October 2003.

_____
Jeffrey S. Bagnell

2